JS-6

1  James H. Berry, Jr. (State Bar No. 075834)
2  Kevin R. Lussier (State Bar No. 143821)
   BERRY & LUSSIER
   A Professional Corporation
3  1901 Avenue of the Stars, Suite 1060
   Los Angeles, California 90067
4  Telephone: (310) 557-8989
   Facsimile:   (310) 788-0080
5  E-Mail:  jberry@bandlpc.com
   E-Mail:  klussier@bandlpc.com
6
   Attorneys for Plaintiff CHANEL, INC.
7
8  Stephen H. Marcus (State Bar No. 048294)
   GITTLER & BRADFORD
9  10537 Santa Monica Boulevard, Third Floor
   Los Angeles, California 90025
10 Telephone: (310) 474-4007
   Facsimile: (310) 474-4407
11
12 Attorneys for Defendants ECLUB.COM, INC. and
   JOSEPH CHEON

13            THE UNITED STATES DISTRICT COURT

14        FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 CHANEL, INC.,                    )   Case No. CV 12-01275 GAF (RZx)
16 a New York corporation,          )
                                    )
17            Plaintiff,            )   **STIPULATED CONSENT FINAL
                                    )   JUDGMENT AND PERMANENT
18 v.                               )   INJUNCTION**
                                    )
19 ECLUB.COM, INC., et al.,         )
                                    )
20                                  )
21            Defendants.           )
                                    )
22                                  )
                                    )
23 _____      )

24

25       Plaintiff, Chanel, Inc. ("Chanel") and Defendants, Eclub.com, Inc., a

26 California Corporation, and Joseph S. Cheon, an individual, individually and

27 jointly, d/b/a Eclub.com d/b/a Eclub d/b/a Eclub Company d/b/a Body Jewelry

28 Factory d/b/a Bodyjewelryfactory.com d/b/a Barbellplus.com d/b/a

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

Hecoolshecool.com d/b/a Shecoolhecool.com (collectively the "Defendants")

stipulate and consent to the following:

**WHEREAS**, the Defendants adopted and began using trademark in the

United States which infringe and dilute the distinctive quality of Chanel's various

registered trademark: (the "Chanel Mark") as identified in Paragraph 7 of

Chanel's Complaint;

**WHEREAS**, the Defendants' use of names and marks which are

identical to, or substantially indistinguishable from the Chanel Mark is likely to

cause confusion as to source or origin of the Defendants' products, and will further

dilute the distinctive quality of the Chanel Mark;

**WHEREAS**, without the admission of any liability, the parties desire to

settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks,

Chanel has superior and exclusive rights in and to the Chanel Mark in the United

States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.     The Defendants and their respective officers, agents, servants,

employees and attorneys, and all persons in active concert and participation with

them are hereby permanently restrained and enjoined from intentionally and/or

knowingly:

       A.     manufacturing or causing to be manufactured, importing,

             advertising, or promoting, distributing, selling or offering to sell

             counterfeit and infringing goods bearing the Chanel Mark;

       B.     using the Chanel Mark in connection with the sale of any

             unauthorized goods;

       C.     using any logo, and/or layout which may be calculated to falsely

             advertise the services or products of the Defendants as being

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

CV12-01275 GAF (RZx

STIPULATED CONSENT FINAL JUDGMENT AND
PERMANENT INJUNCTION

1   sponsored by, authorized by, endorsed by, or in any way

2   associated with the Plaintiff;

3   D.   falsely representing the Defendants as being connected with the

4   Plaintiff, through sponsorship or association,

5   E.   engaging in any act which is likely to falsely cause members of

6   the trade and/or of the purchasing public to believe any goods or

7   services of the Defendants, are in any way endorsed by,

8   approved by, and/or associated with the Plaintiff;

9   F.    using any reproduction, counterfeit, copy, or colorable imitation

10   of the Chanel Mark in connection with the publicity, promotion,

11   sale, or advertising of any goods sold by the Defendants,

12   including, without limitation, costume jewelry, including

13   earrings;

14   G.   affixing, applying, annexing or using in connection with the sale

15   of any goods, a false description or representation, including

16   words or other symbols tending to falsely describe or

17   represent the Defendants' goods as being those of the Plaintiff,

18   or in any way endorsed by the Plaintiff;

19   H.   offering such goods in commerce; and from otherwise unfairly

20   competing with the Plaintiff.

21   I.   secreting, destroying, altering, removing, or otherwise dealing

22   with the unauthorized products or any books or records which

23   contain any information relating to the importing,

24   manufacturing, producing, distributing, circulating, selling,

25   marketing, offering for sale, advertising, promoting, renting or

26   displaying of all unauthorized products which infringe the

27   Chanel Mark; and

28

CV12-01275 GAF (RZx

STIPULATED CONSENT FINAL JUDGMENT AND
PERMANENT INJUNCTION

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

J.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2.      Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by the Defendants to comply with any of the provisions hereof.   The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3.      The causes of action between Chanel and the Defendants are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.  This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4.      The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5.      This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6.      All counterfeit Chanel branded products seized on February 17, 2012 and/or any Chanel branded products currently in the possession, custody and/or control of the Defendants required to be surrendered to Chanel under the terms of the parties' settlement, shall be destroyed under the direction of Chanel.

7.      Pursuant to the parties' stipulation that Seventy Thousand Dollars ($70,000.00) of the funds restrained pursuant to the Court's Order, dated February 16, 2012 (e-docket 14) became the legal and equitable property of Chanel on that

CV12-01275 GAF (RZx

STIPULATED CONSENT FINAL JUDGMENT AND
PERMANENT INJUNCTION

date, Paypal, Inc. ("Paypal") is ordered to immediately (1) release Seventy Thousand Dollars ($70,000.00) of the funds restrained pursuant to the Court's Order, dated February 16, 2012 (e-docket 14) to Plaintiff, Chanel, Inc.; and (2) upon transfer of the funds to Chanel as required herein, release any remaining funds subject to the Court's Order, dated February 16, 2012 (e-docket 14), back to the possession, custody and control of the Defendants in accordance with Paypal's operating procedures and contract for services with any of the Defendants.

**IT IS SO ORDERED.**

Dated:        April 18, 2013

_____
Hon. Gary Allen Feess
United States District Judge

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

- 5 -                                    CV12-01275 GAF (RZx
STIPULATED CONSENT FINAL JUDGMENT AND
PERMANENT INJUNCTION